W. H. BRUMFIELD, Petitioner, *v.* THE BOARD OF COM-
MISSIONERS OF DOUGLAS COUNTY, Respondent.

The Act creating a sinking fund for Douglas County, and regulating the mode
of advertisement for and receipt of bids " until the next regular meeting of the
Board of County Commissioners of said county thereafter," does not authorize
the receipt or consideration of a bid filed with the Treasurer on the day of the
next regular meeting, but at a time subsequent to the meeting and adjourn-
ment for that day.

The Board of County Commissioners is not a Court, as Courts are defined in the
Constitution.    And such bodies may lawfully meet and transact business on
the first day of January.

CERTIORARI to the Board of County Commissioners of Douglas
County.

The facts are stated in the Opinion.

*W. H. Brumfield,* for Petitioner.

*Atwater* and *A. T. Hawley,* District Attorneys of Douglas
County, for Respondents.

Opinion by BEATTY, J., full Bench concurring.

This was a proceeding by *certiorari,* to review certain proceed-
ings of the Board of Commissioners of Douglas County.

The facts of the case are as follows : On the 23d of February,
1865, an Act of the Legislature was approved creating a sinking
fund for Douglas County, and providing that when there is money
in that fund the Treasurer shall advertise for bids by parties holding
the indebtedness of the county, proposing to exchange that indebt-
edness for the money on hand—those who will surrender claims on
terms most favorable to the county to have the money in the fund.

The Act provides that the Treasurer shall advertise for sealed
proposals, to be received by him " until the next regular meeting
of the Board of County Commissioners of said county thereafter."

On the first day of the next regular meeting the Board of Com-
missioners, together with the Auditor and Treasurer, to examine
the bids and distribute the funds to those entitled.

Prior to the first day of January, 1866, the Treasurer of the
county did advertise for bids, and in the latter part of December a

number of bids were regularly delivered to him, and filed in his office. Among others, were several bids made by the petitioner in this case.

The Commissioners met on the first Monday of January, as the law requires. But that being the first day of January, and a holiday, they adjourned over to the second, without doing any business on the first. After the Board adjourned on the first, the Treasurer received from the Post Office an additional bid for the surrender of county indebtedness. When the Board met on the second of January, the question arose whether they could consider that bid which was received by the Treasurer on the first, after their adjournment, or whether they must confine themselves to the bids made before their meeting on the first. They first determined to reject the bid received on the first, but afterwards reconsidered this vote, and did consider this last bid, awarded a part of the money to the last bidder, and thereby deprived the petitioner of some $800 which he would have received had this latter bid not been considered. Thereupon the petitioner obtained a writ from this Court directed to the Commissioners, requiring them to show by what authority they took into consideration a bid made after the meeting of the Board. The language of the statute is, that the advertisement shall be for sealed proposals until the next regular meeting of the Board. We do not think it was intended that the Board should act on any bids except those made in response to the advertisement. Bids received until the next regular meeting could not include those bids received after such meeting.

If the Board could act on bids made after their meeting, it would defeat the objects of the law in requiring the proposals to be sealed when made.

But it is claimed that Monday, being a non-judicial day, the Board was not regularly in session that day, and that the second of January was the first day of their regular and lawful meeting for that month. An Act of the Territorial Legislature, still in force, provides, " No Court shall be opened, nor shall any judicial business be transacted, on Sundays or New Year's Day, &c."

If this Board is a Court, then it could not lawfully meet for the transaction of business on the first day of January.

Considering it a Court, either the meeting on the second was the

first regular day of meeting, or else there was no lawful term that month. But we are of opinion the law last referred to does not have any application to the Board of Commissioners. We do not hold that such Board is a Court. The Constitution says the judicial power of the State shall be vested in a Supreme Court, District Courts, Justices' Courts, and that the Legislature may establish courts for municipal purposes only. This body, then, is not a Court, as defined by the Constitution. We do not think their meeting on the first of January should be held a nullity. If we are correct in these views, the Court had no authority to consider or act on bids received by the Treasurer after the adjournment of the Board on Monday, the first of January.

It is therefore ordered and adjudged that the action of the Board in considering bids filed with the Treasurer after the adjournment on the first of January was void and without authority, and the Board are commanded to set aside all orders and proceedings made in relation thereto, and to refrain from making any order for the payment of money on such bid or bids.